UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 2022
February 21, 2024, SESSION



UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:24-cr-00037
18 U.S.C. § 1349
18 U.S.C. § 1347
21 U.S.C. § 843(a)(2)
SHAWN R. BLANKENSHIP  18 U.S.C. § 2

THE GRAND JURY CHARGES:

At all times material to this Indictment:

1. Defendant **SHAWN R. BLANKENSHIP** was a resident of Winfield, Putnam County, West Virginia, within the Southern District of West Virginia. Defendant **SHAWN R. BLANKENSHIP** was a nurse practitioner who owned, operated, and oversaw Holistic Inc. ("Holistic"), a medical clinic with locations at 303 6th Avenue, Saint Albans, Kanawha County, West Virginia, and 4815 MacCorkle Avenue Southeast, Charleston, Kanawha County, West Virginia, both of which are within the Southern District of West Virginia. Holistic provided multiple services to patients, including office-based opioid treatment ("OBOT") and weight loss. Holistic billed services for patients, including but not limited to office visits, counseling, and smoking cessation therapy to Medicaid.

## Medicaid

2. The Medicaid program was a federal and state health care program providing benefits to individuals who met specified financial and other eligibility requirements. Individuals who received benefits under the Medicaid program were referred to as "recipients."

3. In the State of West Virginia, the Medicaid program ("Medicaid") was administered by the West Virginia Department of Health and Human Resources ("DHHR"), through the Bureau for Medical Service ("BMS").

4. In order to receive reimbursement from Medicaid for services and prescription drugs provided to Medicaid recipients, health care providers were required to enter into a Medicaid enrollment agreement with DHHR. By signing the enrollment agreement, a provider agreed to abide by Medicaid's rules, regulations, policies, and procedures.

5. Medicaid required that claims for services reported the type of service using the American Medical Association's Current Procedural Terminology ("CPT") codes. CPT codes were intended to accurately identify, simplify, and standardize billing for medical services. The amount of reimbursement to a provider for a service based on CPT code varied depending on the work involved in the procedure, the complexity of the procedure, practice expenses, and malpractice insurance expenses.

6. Medicaid was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b), and a "Federal health care program," as defined by Title 42, United States Code, Section 1320a-7b(f).

7. Prior to the actions described in this Indictment, defendant **SHAWN R. BLANKENSHIP** entered into an enrollment agreement with Medicaid.

## Controlled Substances

8. The Controlled Substances Act ("CSA") governed the manufacture, distribution, and dispensing of controlled substances in the United States.

9. Under the CSA, the United States Drug Enforcement Administration ("DEA") regulated certain pharmaceutical drugs designated as controlled substances because of their potential for abuse or dependence, their accepted medical use, and their accepted safety for use under medical supervision. *See* 21 U.S.C. § 802(6).

10. The CSA and DEA regulations categorized controlled substances into different schedules, from Schedule I through V, according to their abuse potential and recognized legitimate medical use.

11. Some controlled substances, such as Suboxone, could be used in the treatment of opioid use disorder.

12. The DEA issued registration numbers to qualifying practitioners, including nurse practitioners, which permitted them

to dispense controlled substances consistent with the terms of that registration. See 21 U.S.C. § 822.

13. Defendant **SHAWN R. BLANKENSHIP** was registered with the DEA to prescribe controlled substances and did prescribe such substances, including Suboxone and phentermine, through his work at Holistic.

14. Suboxone was a Schedule III controlled substance.

15. Phentermine, a controlled substance that can be used for weight loss, was a Schedule IV controlled substance.

## COUNT ONE
### Conspiracy to Commit Health Care Fraud

#### The Conspiracy

16. From on or about January 4, 2018, and continuing through on or about July 15, 2021, at various locations within the Southern District of West Virginia and elsewhere, defendant **SHAWN R. BLANKENSHIP** did knowingly and willfully combine, conspire, confederate, and agree with persons known and unknown to the Grand Jury, to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicaid, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of

and payment for health care benefits, items, or services, in violation of 18 U.S.C. § 1347.

## The Purpose of the Conspiracy

17. The purpose of the conspiracy was for defendant **SHAWN R. BLANKENSHIP** and his co-conspirators to unlawfully enrich themselves by, among other things: (a) directing and causing a non-licensed medical staff member to see patients at Holistic while no licensed medical professionals were present at Holistic; (b) directing and causing a non-licensed medical staff member to issue prescriptions for controlled substances, including Suboxone and phentermine, in defendant **SHAWN R. BLAKENSHIP's** name, to patients of Holistic while no licensed medical professionals were present at Holistic; (c) submitting and causing the submission of false and fraudulent claims to Medicaid for services that were not provided, including, but not limited to, (i) patient office visits and other services while defendant **SHAWN R. BLANKENSHIP** and all other licensed medical professionals employed by Holistic were on vacation outside the State of West Virginia and (ii) smoking and tobacco use cessation counseling visits; (d) falsifying patient records to make it appear as though defendant **SHAWN R. BLAKENSHIP** performed office visits and provided other services to patients at Holistic when he, in fact, did not; and (e) diverting fraud proceeds for their personal use and benefit, the use and benefit of others, and to further the fraud.

The Manner and Means of the Conspiracy

18. The manner and means by which defendant **SHAWN R. BLANKENSHIP** and his co-conspirators sought to accomplish the purpose of the conspiracy included, among other things, the following:

   a. From on or about October 28, 2020, through on or about October 30, 2020, defendant **SHAWN R. BLANKENSHIP**, along with the two other nurse practitioners employed at Holistic, traveled to Hilton Head, South Carolina. While defendant **SHAWN R. BLANKENSHIP** was in South Carolina, Holistic remained open and patients were seen by non-licensed medical staff.

   b. Defendant **SHAWN R. BLANKENSHIP** knowingly and intentionally billed Medicaid for patient services that were not in fact performed by him between October 28, 2020, and October 30, 2020. These services included, but were not limited to, CPT code 99213 for an established patient office visit lasting 20 to 29 minutes.

   c. At defendant **SHAWN R. BLANKENSHIP's** direction, prescriptions for controlled substances were issued to patients at Holistic by non-licensed medical staff under

defendant **SHAWN R. BLANKENSHIP's** name between on or about October 28, 2020, and on or about October 30, 2020.

d.  Defendant **SHAWN R. BLANKENSHIP** falsely signed electronic medical records in or about November 2020 for patients seen by non-licensed medical staff between on or about October 28, 2020, and on or about October 30, 2020.

e.  Between approximately on or about January 4, 2018, and on or about July 15, 2021, defendant **SHAWN R. BLANKENSHIP** knowingly and intentionally billed, and caused billings to be submitted to, Medicaid for smoking and tobacco use cessation counseling visits that defendant **SHAWN R. BLANKENSHIP** knew had not in fact been provided.  This included, but was not limited to, billing Medicaid for smoking and tobacco use cessation counseling visits for patients who did not smoke or use tobacco.

f.  Between approximately on or about January 4, 2018, and on or about July 15, 2021, defendant **SHAWN R. BLANKENSHIP** knowingly and intentionally billed, and caused billings to, Medicaid for pregnancy testing for patients who had undergone tubal ligation surgery.

19. As a result of the conspiracy, defendant **SHAWN R. BLANKENSHIP** and his co-conspirators caused the submission of false and fraudulent claims.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH SEVENTEEN
### Health Care Fraud

20. Paragraphs 1 through 15 and 17 through 19 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

21. On or about the dates specified below, at various locations within the Southern District of West Virginia and elsewhere, defendant **SHAWN R. BLANKENSHIP**, aiding and abetting others both known and unknown to the Grand Jury, and aided and abetted by others both known and unknown to the Grand Jury, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud Medicaid, and to obtain by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, Medicaid, in connection with the delivery of, and payment for, health care benefits, items, and services, by causing the submission of false and fraudulent claims to Medicaid for medical services.

| Count | Recipient | Date Claim Submitted | Claim Number | Procedure | CPT Code |
|---|---|---|---|---|---|
| Two | M.W. | 08/06/2020 | 20219CA7909 | Behavior Change—Smoking—Greater than 10 Minutes | 99407 |

| Three | M.W. | 09/03/2020 | 20247CW7447 | Behavior Change—Smoking—Greater than 10 Minutes | 99407 |
|---|---|---|---|---|---|
| Four | M.W. | 10/29/2020 | 20303DH1775 | Behavior Change—Smoking—Greater than 10 Minutes | 99407 |
| Five | M.W. | 10/29/2020 | 20303DH1431 | Psytx w PT 30 minutes | 90832 |
| Six | M.W. | 10/29/2020 | 20303DH1775 | Office O/P Est. Mod. 30-39 minutes | 99214 |
| Seven | S.A. | 11/02/2020 | 20307E0050738 | Office O/P Est. Low 20-29 minutes | 99213 |
| Eight | S.A. | 11/02/2020 | 20307E0050738 | Behavior Change Smoking – 3-10 minutes | 99406 |
| Nine | J.Y. | 11/02/2020 | 20307E0050876 | Office O/P Est. Low 20-29 minutes | 99213 |
| Ten | J.Y. | 11/02/2020 | 20307E0050876 | Behavior Change Smoking – 3-10 minutes | 99406 |
| Eleven | S.W. | 11/02/2020 | 20307E0050871 | Office O/P Est. Low 20-29 minutes | 99213 |

| Twelve | S.W. | 11/02/2020 | 20307E0050871 | Behavior Change Smoking – 3-10 minutes | 99406 |
| Thirteen | S.L. | 10/31/2020 (adjudication date) | 20304E032360 | Office Outpatient Visit 15 minutes | 99213 |
| Fourteen | S.L. | 10/31/2020 (adjudication date) | 20304E032360 | Tobacco Use Cessation Intermediate 3-10 Minutes | 99406 |
| Fifteen | S.L. | 10/31/2020 (adjudication date) | 20304E032360 | Urine Pregnancy Test | 81025 |
| Sixteen | V.H. | 10/29/2020 | 20303DH2300 | Office O/P Est. Low 20-29 minutes | 99213 |
| Seventeen | A.G. | 10/26/2020 | 20300E0047654 | Urine Pregnancy Test | 81025 |

Each in violation of Title 18, United States Code, Sections 1347 and 2.

## COUNTS EIGHTEEN THROUGH TWENTY-TWO
### Causing Use of the Registration Number of Another Person to Dispense a Controlled Substance

22. Paragraphs 1 through 15 and 17 through 19 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

23. On or about the dates specified below, at various locations within the Southern District of West Virginia and elsewhere, defendant **SHAWN R. BLANKENSHIP** did willfully cause another individual to use the DEA registration number issued to another person, to wit: the registration number of defendant **SHAWN R. BLANKENSHIP**, in the course of distributing and dispensing a controlled substance.

| Count | Patient | Prescription Date | Controlled Substance |
|---|---|---|---|
| Eighteen | M.W. | 10/28/2020 | Phentermine |
| Nineteen | S.A. | 10/29/2020 | Suboxone |
| Twenty | A.G. | 10/29/2020 | Suboxone |
| Twenty-One | J.Y. | 10/29/2020 | Suboxone |
| Twenty-Two | V.H. | 10/30/2020 | Suboxone |

Each in violation of Title 21, United States Code, Section 843 and Title 18, United States Code, Section 2.

## NOTICE OF FORFEITURE

24. The allegations contained in the Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(7), 28 U.S.C. § 2461(c) and Rule 32.2 of the Rules of Criminal Procedure.

25. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c, and 28 U.S.C. § 2461(c)upon conviction of the offenses in violation of 18 U.S.C. § 1347 and 18 U.S.C. 1349 as set forth in Counts 1 through 17 of this Indictment§, the defendant **SHAWN R. BLANKENSHIP,** shall forfeit to the United States of America, any property constituting, or derived from, proceeds obtained, directly or indirectly as a result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses, including but not limited to:

    a. a money judgment in an amount representing the value of any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

26. Pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), if any of the property described above, as a result of any act or omission of a defendant:

    a. cannot be located upon the exercise of due diligence;

  b. has been transferred, sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

the United States intends to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

         UNITED STATES OF AMERICA

         WILLIAM S. THOMPSON
         United States Attorney

By: _____
         Owen A. Reynolds
         Assistant United States Attorney


         GLENN S. LEON
         Chief, Fraud Section

By: _____ (by OAR w/permission)
         Leslie Williams Fisher
         Trial Attorney