UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

UNITED STATES OF AMERICA

v.     CRIMINAL ACTION NO. 2:24-cr-00037

SHAWN R. BLANKENSHIP

**MEMORANDUM OPINION AND ORDER**

Pending are (1) Defendant Shawn R. Blankenship's Motion to Dismiss Counts 18-22 of the Superseding Indictment [ECF 108], filed October 18, 2024, and (2) the Government's Motion in Limine to Preclude Defendant's Proposed Expert Testimony [ECF 85], filed October 3, 2024.

**I.**

*A.     Mr. Blankenship's Motion to Dismiss*

On September 17, 2024, the Grand Jury returned a twenty-three (23) count Superseding Indictment against Mr. Blankenship. Counts eighteen (18) through twenty-two (22) charge Mr. Blankenship with "willfully caus[ing] another individual to use a DEA registration number issued to another person, to wit: the registration number of Shawn R. Blankenship or the registration number of another Holistic licensed nurse practitioner, in the course of the distribution and dispensing of a controlled substance," on five separate occasions, alleged to be in violation of 21 U.S.C. § 843 and 18 U.S.C. § 2.  [ECF 75].

On October 18, 2024, Mr. Blankenship moved to dismiss the aforementioned counts. [ECF 108]. He contends dismissal is warranted inasmuch as the allegations therein fail to "clearly allege a violation and would invariably criminalize innocent conduct." [*Id*. at 2]. Specifically, he asserts the "uncertainty provided" by the subject counts' "disjunctive phrasing creates a legally impermissible circumstance whereby the Government has alleged a violation occurred in one of two ways, one of which is not a crime and one of which is only sometimes a crime." [*Id*. at 3].

First, Mr. Blankenship contends allegedly causing another to use his own registration number to call in prescriptions fails to allege an offense for two reasons: "(1) the charged conduct—if performed by [him] is not a crime, and (2) the charged conduct—if performed at [his] direction—is not a crime." [*Id*. at 6]. He maintains while 18 U.S.C. § 2 permits an individual to be charged as if he committed the offense himself, it "does not set forth an independent offense" and is, "in essence, a theory of vicarious liability and agency." [*Id*. at 4]. He asserts because he "could not have committed an offense against the United States [under the Controlled Substance Act] by using his own registration number," he "has presumably been charged as an aider and abettor for causing another person to call in prescriptions on his behalf." [*Id*.]. Mr. Blankenship thus contends he has essentially been charged "for an act that takes place thousands of times every day in medical offices across the country, i.e., instructing a staff member to call in prescriptions on his behalf." [*Id*. at 6]. At bottom, he asserts "to the extent any of [the] charges allege purported violations using [his] own DEA [r]egistration number, they must be dismissed." [*Id*. at 6-7].

Second, Mr. Blankenship contends the counts' inclusion of a disjunctive, alternative factual theory creates an impermissible charge that criminalizes lawful conduct.

Specifically, he asserts the Government has alleged he has violated the charged statutes by either using his own registration number or that of another Holistic licensed nurse, "without specifying which theory applies to which of the five counts in question." [*Id*. at 7]. He further asserts while the latter theory "may be a crime," dependent on the factual circumstances, "[b]y blending legal and potentially illegal behavior as alternative theories with no specificity as to which factual theory applies, the Government has failed to meet the requisite standard to state an offense, and charged under a theory that would, by definition, criminalize lawful conduct." [*Id*.]. He maintains the disjunctive nature of the allegation places him in "the improper position of being accused of engaging in unknown ways in two types of potential conduct, some of which would be legal in all cases and some of which would be legal or illegal depending on the circumstance." [*Id*. at 8]. He thus contends the uncertainty created by the allegation "taints the instrument and warrants the dismissal of the challenged counts." [*Id*.].

The Government responds the counts sufficiently allege a punishable offense inasmuch as they "clearly lay[] out the factual basis and elements to support a charge that [Mr. Blankenship] commanded and induced [Employee A] to improperly use the DEA registration number of another person, i.e., a DEA registration number which had not been issued to" Employee A. [ECF 112 at 4]. Specifically, the Government asserts it is of no consequence the DEA registration number used was Mr. Blankenship's, given what matters is "that the DEA registration number . . . Employee A used, at [Mr. Blankenship's] direction, had not been issued to Employee A." [*Id*.]. The Government emphasizes 21 U.S.C. § 843(a)(2) criminalizes the use of another's registration number to dispense or distribute a controlled substance, while 18 U.S.C. § 2 punishes an individual as a principal who (1) "aids, abets, counsels, commands, induces, or procures" the commission of a crime against the United States, or (2) "willfully causes an act to

be done which if directly performed by him or another would be an offense against the United States. . . ." 18 U.S.C. § 2(a)-(b). Based on this statutory language, the Government contends Mr. Blankenship can violate section 843(a)(2) in two ways: (1) by using the registration number of another (i.e., one not belonging to him) to dispense or distribute a controlled substance, or (2) by commanding, inducing, or willfully causing another individual to use another's registration number (i.e., one not belonging to the acting individual) to dispense or distribute a controlled substance. Inasmuch as it is the latter alleged here, the Government maintains counts eighteen (18) through twenty-two (22) of the Superseding Indictment are sufficient as a matter of law.

Lastly, the Government asserts Mr. Blankenship's mischaracterization of the counts as "disjunctive legal theories" is a red herring inasmuch as "each of the substantive charges merely allege one of two persons' DEA registration numbers [-- Mr. Blankenship's or the nurse practitioner's --] were unlawfully used by Employee A to prescribe controlled substances at [Mr. Blankenship's] direction." [ECF 112 at 5]. The Government contends the counts contain adequate details enabling Mr. Blankenship "to determine the specific prescriptions charged, including the date, the initials of the patient, and the controlled substance unlawfully prescribed," while a simple review of the disclosed prescription forms reveal his registration number was used in counts eighteen (18) through twenty-one (21) and the nurse practitioner's in count twenty-two (22). [*Id.*]. In sum, the Government urges denial of Mr. Blankenship's Motion inasmuch as the Superseding Indictment "includes all necessary elements for a violation of 18 U.S.C. § 2 and 21 U.S.C. § 843(a)(2), fairly informs [Mr. Blankenship] of the charges against him, and includes a factual basis for Counts 18 through 22." [*Id.* at 7].

*Federal Rule of Criminal Procedure* 12(b)(3)(B)(v) contemplates dismissal of an indictment for failing "to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). Our Court of Appeals

4

has observed the importance of the inquiry:

> A criminal indictment—like a civil complaint—should be dismissed for failing "to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v); *cf.* Fed. R. Civ. P. 12(b)(6). And an indictment—much like a civil complaint—must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1); cf. Fed. R. Civ. P. 8(a)(2). Despite the similarity in the criminal and civil rules, we rarely see district courts dismiss indictments for the failure to state an offense. *See* James M. Burnham, *Why Don't Courts Dismiss Indictments?*, 18 Green Bag 2d 347 (2015). But district courts have as much of a responsibility to police criminal indictments as they do civil complaints.

*United States v. Brewbaker*, 87 F.4th 563, 572 (4th Cir. 2023), *cert. denied*, No. 23-1365, 2024 WL 4743079 (U.S. Nov. 12, 2024), and *cert. denied*, No. 24-124, 2024 WL 4743085 (U.S. Nov. 12, 2024). For example, an indictment may fail to state an offense "by omitting a necessary element," or "if 'the allegations therein, even if true, would not state an offense.'" *Brewbaker*, 87 F.4th at 572 (quoting *United States v. Hooker*, 841 F.2d 1225, 1227-28 (4th Cir. 1988) (en banc)).

Title 21 U.S.C. § 843(a)(2) prohibits an individual from knowingly or intentionally using "in the course of the manufacture, distribution, or dispensing of a controlled substance . . . a registration number which is . . . issued to another person." 21 U.S.C. § 843(a)(2). To obtain a conviction under § 843(a)(2), the Government must thus prove the defendant "(1) knowingly or intentionally; (2) used another person's registration number; (3) for the purpose of obtaining a controlled substance." *United States v. Halliday*, 806 F. App'x 199 (4th Cir. 2020) (citing 21 U.S.C. § 843(a)(2)). Additionally, as mentioned above, 18 U.S.C. § 2 provides "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission," or "[w]hoever willfully causes an act to be done which if directly performed by him *or another* would be an offense against the United States, is punishable as principal." 18 U.S.C. § 2(a)-(b) (emphasis added).

While Mr. Blankenship's position is not entirely without merit, the Court ultimately

concludes Counts 18-22 sufficiently charge an offense. Indeed, the statutory language of 18 U.S.C. § 2(b) clearly contemplates an individual may be principally charged with an offense he willfully causes another to commit, so long as the same would constitute a criminal act if directly performed by him or *another* individual. Mr. Blankenship is charged with willfully causing Employee A -- an unlicensed medical staff member -- to use a registration number of another, that is, Mr. Blankenship's registration number on four occasions and a nurse practitioner's on one occasion, in the course of dispensing and distributing a controlled substance.

In other words, inasmuch as Mr. Blankenship is alleged to have willfully caused Employee A to use a DEA registration number not belonging to her, which would constitute an actionable offense against Employee A under 21 U.S.C. § 843(a)(2), Counts 18-22, in turn, sufficiently allege a crime against Mr. Blankenship under § 843(a)(2) and 18 U.S.C. § 2. Indeed, it is Mr. Blankenship's willful procurement of another to commit the charged offense that prohibits his conduct under these statutes. *See United States v. Smukler*, 991 F.3d 472, 486 (3d Cir. 2021) (quoting *United States v. Gumbs*, 283 F.3d 128, 134 (3d Cir. 2002) (recognizing 18 U.S.C. § 2 "'imposes liability on a defendant who does not himself commit the prohibited *actus reus*, but intentionally manipulates an innocent intermediary to commit the prohibited *actus reus*.'")).

There is no merit in Mr. Blankenship's additional contention Counts 18-22 are deficient for failing to alert him respecting the instances his registration number was used as opposed to the registration number of the nurse practitioner. Counts 18-22 chart the date the prescription was issued, the type of controlled substance dispensed, and the recipient of the prescription. This suffices to reasonably identify which registration number was used and when.

The Court **DENIES** the Motion to Dismiss.

B.     *The Government's Motion to Exclude Expert Testimony*

The Government moves to preclude Mr. Blankenship's proposed expert testimony by Dr. James Murphy and Sean Weiss.[1] Respecting Dr. Murphy, the Government contends preclusion of his testimony is necessary inasmuch as it has been deemed unreliable "in other criminal cases involving prescription drug diversion charges." [ECF 85 at 8; *see also* ECF 134 at 24-25]. In support, the Government cites to a sentencing hearing transcript from *United States v. Stanton*, No. 6:21-cr-19-REW-HAI (E.D. Ky. Apr. 26, 2023) and a memorandum opinion and order and hearing transcript in *United States v. Fletcher*, No. 2:21-cr-63 (E.D. Ky. July 19, 2024), which are attached as exhibits to its Motion. [*See* ECF 85-2, 85-3, 85-4]. Respecting Mr. Weiss, the Government asserts its objection to his expert testimony is "more general" and seeks to ensure the same is "not used through the course of either artful questioning or eliciting testimony to present hearsay statements by Mr. Blankenship or others that are not subject to cross-examination." [ECF 134 at 25].

*Federal Rule of Evidence* 702 "permits expert testimony if that testimony is (1) helpful to the jury in understanding the evidence or determining a fact at issue, (2) 'based on sufficient facts or data,' (3) 'the product of reliable principles and methods,' and (4) the product of 'reliable application of those principles and methods to the facts of the case.'" *Sardis v. Overhead Door Corporation*, 10 F.4th 268, 281 (4th Cir. 2021) (cleaned up) (quoting Fed. R. Evid.

---

[1] To the extent the Government moved to preclude Dr. Murphy and Mr. Weiss' testimony based on the sufficiency of their disclosures and the relevancy of their proposed testimony therein, those matters were addressed by the Court in detail at the December 16, 2024, Pretrial Motions Hearing. [*See* ECF 134 at 24-35]. Indeed, the Court ultimately denied without prejudice the Government's Motion as to the sufficiency of the disclosures and held any remaining substance challenges regarding the witnesses' ability to testify in abeyance pending further order of the Court. [*Id*. at 35; ECF 131 at 1]. It is those substantive challenges the Court addresses herein.

702(a)-(d)). "Rule 702 thus 'imposes a special gatekeeping obligation on the trial judge' to 'ensure that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Id*. (cleaned up) (quoting *Nease v. Ford Motor Co.*, 848 F.3d 219, 229-30 (4th Cir. 2017) (quoting *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 597 (1993)).

Expert testimony is relevant if it has "a valid scientific connection to the pertinent inquiry." *Belville v. Ford Motor Co.*, 919 F.3d 224, 232 (4th Cir. 2019) (quoting *Daubert*, 509 U.S. at 592). "This ensures that the expert helps the trier of fact to understand the evidence or to determine a fact in issue." *Sardis*, 10 F.4th at 281 (internal quotations and citations omitted). "Simply put, if an opinion is not relevant to a fact at issue, *Daubert* requires that it be excluded." *Id*. In addition to relevant, "an opinion must also be sufficiently reliable." *Id*. "Reliability is a 'flexible' inquiry that focuses on 'the principles and methodology' employed by the expert." *Id*. (quoting *Daubert*, 509 U.S. at 594-95). It is thus the responsibility of the district court to "ensure that an expert's opinion is 'based on scientific, technical, or other specialized knowledge and not on belief or speculation.'" *Id*. (quoting *Oglesby v. Gen. Motors Corp.*, 190 F.3d 244, 250 (4th Cir. 1999)).

Importantly, however, the court is not required to "determine that the proffered expert testimony is irrefutable or certainly correct" -- "[a]s with all other admissible evidence, expert testimony is subject to testing by '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof.'" *United States v. Moreland*, 437 F.3d 424, 431 (4th Cir. 2006) (quoting *Daubert*, 509 U.S. at 596) (alteration in original); *see also Maryland Cas. Co. v. Therm-O-Disc., Inc.*, 137 F.3d 780, 783 (4th Cir. 1998) (noting that "[a]ll *Daubert* demands is that the trial judge make a 'preliminary assessment' of whether the proffered testimony is both reliable . . . and helpful").

First, in *Stanton*, the district court neither excluded Dr. Murphy's testimony from trial, nor deemed it unreliable. [*See* ECF 85-2]. The district court merely concluded it was unpersuaded by his testimony in support of the defendant at sentencing. [*Id*. at 154 ("So I was not convinced by Dr. Murphy. And I think what he said[,] and his take is quite contrary to what the jury found in this case.")]. Second, in *Fletcher*, the district court *rejected* the Government's position that exclusion of Dr. Murphy's expert opinions was warranted inasmuch as they were unreliably based on a "fringe view," were "untestable and unconnected to any mainstream medical authority," and failed to apply scientific principles to the facts of the case. [ECF 85-4 at 6, 7, 8]. The only portion of Dr. Murphy's testimony the district court deemed improper for trial was a statement in his expert report that opined on the defendant's "mental state at the time of prescribing." [*Id*. at 7]. While the district court in *Fletcher* ultimately rejected the expert testimony elicited from Dr. Murphy at the bench trial, it did so on credibility grounds. [*See, e.g.*, ECF 85-3 at 10]. In other words, nothing in the district court's opinion or findings reasonably questioned the reliability or relevance of Dr. Murphy's testimony under *Daubert*. Indeed, Dr. Murphy was permitted to offer the bulk of his opinions at the *Fletcher* bench trial.

Without unnecessarily belaboring the point, the Government's reliance on *Stanton* and *Fletcher* is misplaced and fails to support exclusion of Dr. Murphy's expert testimony on unreliability grounds in this case. As evidenced by Dr. Murphy's Curriculum Vitae, he possesses decades of professional experience in medicine and pain management services. [*See* ECF 99-3]. He intends to offer expert testimony respecting the charges in Counts 18-22, including, *inter alia*, "explanations of how and why medical professionals, in certain circumstances, may, consistent with their requirements through the DEA, delegate responsibilities regarding patient visits, submission of prescriptions, and other aspects of controlled substance management, so long as

9

decisions are still made based on the medical provider's individualized assessment, and proper delegation authority." [ECF 85-1 at 9]. The Government initially challenged this proffered testimony. It asserted Dr. Murphy had no basis to assume patients and providers had individualized assessments or interactions leading to medication. The Defendant supplied the necessary detail, however, during the December 16, 2024, pretrial motions hearing. [*See* ECF 134 at 29-32]. This elaboration was sufficient to tie the foundation of Dr. Murphy's proffered opinion to the facts of this case. There is thus no basis to deem his opinions irrelevant or unreliable. The Government remains free to challenge Dr. Murphy's expert opinions through the presentation of contrary evidence and cross-examination at trial. The Government is also free to object to any hearsay testimony by Mr. Weiss and Dr. Murphy at trial.

## II.

Based on the foregoing discussion, Mr. Blankenship's Motion to Dismiss Counts 18-22 of the Superseding Indictment [**ECF 108**] and the Government's Motion in Limine to Preclude Defendant's Proposed Expert Testimony [**ECF 85**] are **DENIED**.

The Clerk is directed send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: February 10, 2025

Frank W. Volk
Chief United States District Judge